Filed 3/3/26  P. v. Godoy CA4/3

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>AUGUSTINE BRADY GODOY,<br><br>    Defendant and Appellant. | G065417<br><br>(Super. Ct. No. 17NF0979)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Richard M. King, Judge. Affirmed.

Cynthia M. Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Augustine Brady Godoy appeals the trial court's decision not to recall and resentence him on its own motion. (Pen. Code, § 1172.1.)[1] Godoy's court-appointed counsel filed a brief under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), setting forth the facts of the case, advising she found no viable issues. Godoy was given an opportunity to file a supplemental brief but did not do so. Exercising our discretion under *Delgadillo*, we have independently examined the record and find no arguable issue. We therefore affirm.

FACTS

Godoy was convicted of second degree murder in 2021 for the killing of his childhood friend. The victim "was found with multiple fractures on the front and back of his skull, and multiple stab wounds to his head . . . ." (*People v. Godoy* (Dec. 16, 2022, G060340) [nonpub. opn.].) He was sentenced to 16 years to life in prison, which included a one-year enhancement for using a deadly weapon.

The Legislature later amended section 1385 to require courts to dismiss an enhancement if it this was in furtherance of justice, giving great weight to certain mitigating circumstances, including mental illness. (§ 1385, subd. (c)(1) & (2), as amended by Stats. 2021, ch. 721, § 1.) It also amended section 1172.1 to allow the sentencing court to recall and sentence a defendant at any time based on a relevant change in sentencing laws. (§ 1172.1, subd. (a)(1), as amended by Stats. 2023, ch. 446, § 2.)

Godoy filed a petition in 2025 inviting the sentencing court to recall and resentence him on its own motion. He contended his crime was connected to mental illness and asked the court to consider his rehabilitation

---

[1] All statutory references are to this code.

efforts. He invited the court to reduce his conviction to voluntary manslaughter and sentence him accordingly.

The trial court held a hearing to consider recalling the sentence but declined not to do so, concluding that resentencing was not in the interest of justice. It noted that "[t]he killing of the victim in this case was brutal" and "horrific," that the crime had a substantial impact on both the victim's family and Godoy's family, and that it had only been a few years since the sentencing. Referencing section 1172.1, subdivision (a)(5), the court added that there was no evidence that circumstances have changed since the original sentencing such that continued incarceration was no longer in the interest of justice.

Godoy filed a notice of appeal and this court appointed counsel to represent him. As noted, appellate counsel filed a brief advising she found no arguable issues.

DISCUSSION

Section 1172.1 allows a trial court to recall and resentence an eligible defendant on its own motion. (§ 1172.1, subd. (a)(1).) If the court recalls the sentence, it may reduce the offense of conviction and sentence the defendant accordingly, in addition to simply reducing the sentence. (§ 1172.1, subd. (a)(3).) In recalling and resentencing under the statute, the court must consider certain factors, including any evidence reflecting "that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice." (§ 1172.1, subd. (a)(5).) The court's decision not to recall and resentence after initiating the proceeding is reviewed for abuse of discretion. (*People v. Olea* (2025) 115 Cal.App.5th 889, 902.)

3

Having independently reviewed the record, we see no reasonable argument that the trial court abused its discretion. The court stated the reasons for its decision, including the brutal nature of the crime, its impact, and the short time that had passed. And because Godoy ultimately sought a reduction of his conviction to voluntary manslaughter, which carries much shorter sentences, the court noted its finding that his continued incarceration remained in the interest of justice. We find no basis to conclude these were impermissible factors or that denying sentencing relief based on them was "'so irrational or arbitrary that no reasonable person could agree with it.'" (*People v. Olea, supra*, 115 Cal.App.5th at p. 903.)

DISPOSITION

The postjudgment order is affirmed.

SCOTT, J.

WE CONCUR:

MOORE, ACTING P. J.

SANCHEZ, J.